UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

**BRIAN MENDONCA**,

    Plaintiff,

v.                                      Civil Case No.:

**FLORIDA POWER & LIGHT COMPANY**,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Brian Mendonca (hereinafter "Plaintiff" or "Mendonca"), and files his complaint against Defendant Florida Power & Light Company (hereinafter "Defendant" or "FP&L") and in support he states the following:

## NATURE OF THE ACTION

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq.* ("FCRA") to redress Defendant's discrimination against Plaintiff because of his race and national origin and retaliation against Plaintiff leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the FCRA pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff Mendonca is a citizen of the United States and was at all times material a citizen of the State of Florida residing in Miami-Dade County, Florida.

6. Defendant FP&L is a Florida For-Profit Corporation with its principal place of business in Juno Beach, Florida located in Palm Beach County, Florida.

7. Defendant is a covered employer under Title VII and the FCRA.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about February 2, 2017, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race, national origin and color and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the unlawful employment practices occurred.

11. On August 20, 2019, the EEOC issued a Dismissal and Notice of Rights.

12. This complaint was filed within ninety (90) days of the EEOC's issuance of a Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Black, West Indian male from Trinidad.

14. Plaintiff began working for Defendant as a Senior Nuclear Chemistry Technician at FP&L's Turkey Point nuclear power plant in July 2007.

15. From the start of his employment with Defendant, Plaintiff established himself as a go-to employee by regularly volunteering to assist when emergency assignments arose and working extra hours on unplanned emergencies at night, over the weekend, or during a hurricane.

16. In or about 2017, Jim Davidson, Caucasian, became Plaintiff's supervisor. Immediately, Mr. Davidson targeted Plaintiff due to his membership in the above-mentioned protected classes and subjected Plaintiff to a hostile work environment.

17. Any interaction Plaintiff had with Mr. Davidson was negative. Upon seeing Plaintiff, Mr. Davidson's facial expression and body language immediately changed. Mr. Davidson regularly raised his voice at Plaintiff or rolled his eyes when Plaintiff attempted to engage in any work-related conversations.

18. During meetings, Mr. Davidson would regularly sit so he did not make eye contact with Plaintiff or any African-American employees and he would only direct his attention to Caucasian employees.

19. The disparate treatment from Mr. Davidson was so bad that the only way Plaintiff could communicate with him was to have a Caucasian employee serve as his mouthpiece.

20. Mr. Davidson would perpetuate discriminatory stereotypes by making comments to Plaintiff such as "I know there are no power plants in your country" and "[Plaintiff] doesn't know anything about the Superbowl he is not American."

21. Mr. Davidson would further harass Plaintiff by making comments such as "didn't you [Plaintiff] finish High School Chemistry...you do not know anything."

22. In a further attempt to avoid interaction with Plaintiff, Mr. Davidson changed the reporting structure so Plaintiff began reporting to Minneva Taltoan, Chemistry Supervisor, who simply perpetuated the discriminatory treatment on Mr. Davidson's behalf.

23. Ms. Taltoan called Plaintiff an "immigrant" on multiple occasions and would say "bye immigrant" to Plaintiff when she passed him in the hallways or in the lab.

24. Ms. Taltoan targeted Plaintiff and she began looking for any opportunity to catch Plaintiff in an error so she could terminate him.

25. Ms. Taltoan held Plaintiff to heightened scrutiny as compared to his coworkers. She would regularly come in and observe Plaintiff and always left with a negative comment.

26. In an effort to escape the hostile work environment created by Mr. Davidson and Ms. Taltoan, Plaintiff applied for eight hundred and seventy-three (873) internal positions – and due to his race and national origin he was not considered for even one despite his qualifications. Instead, Defendant filled the positions with less qualified employees outside of Plaintiff's protected classes.

27. Plaintiff was also denied the opportunity to advance as Defendant would not provide Plaintiff the opportunity for promotions and it did not increase his pay for a period of three years. Employees outside of Plaintiff's protected classes such as Chris Cabrera, Tracy Liner, Stephen Jackson, and Rian Meginley were not treated in this manner.

28. Plaintiff repeatedly reported his concerns about Mr. Davidson and Ms. Taltoan to Defendant's Human Resources Department and/or through its Employee Concerns program. Defendant never took any remedial action.

29. Rather, each time Plaintiff made a report to Defendant's Human Resources or through the Employee Concerns program, Mr. Davidson or Ms. Taltoan would retaliate and treat Plaintiff even worse.

30. In retaliation for one such report, Ms. Taltoan issued Plaintiff an Accelerated Performance Improvement Plan ("APIP").  Ms. Taltoan gave Plaintiff a mere twenty minutes to review the APIP before insisting he sign it.

31. As Plaintiff was reviewing the APIP in Defendant's break room Ms. Taltoan barged into the break room and stated loudly to Plaintiff "immigrant, time's up" and demanded Plaintiff return to her office. Plaintiff explained he did not have enough time to review the APIP and did not sign the same.

32. Weeks later, to further target and discriminate against Plaintiff, Ms. Taltoan directed Acting Chemistry Supervisor Tim Chin to issue Plaintiff a write up for a mispositioned valve.  However, Plaintiff was never working in the area of the mispositioned valve – making it impossible for Plaintiff to have any role in its misposition.

33. Defendant refused to listen to Plaintiff or investigate his rebuttal to the discriminatory and retaliatory write-up.

34. Plaintiff again raised his concerns with Defendant's Employee Concerns program. No remedial action was taken and the hostility in the workplace continued to increase.

35. In further retaliation for reporting his concerns, Ms. Taltoan extended the APIP's ninety-day original duration for an additional sixty days.

36. Plaintiff dutifully complied with the APIP, even earning a perfect score of 100% on the Chemistry Cycle.

37. However, soon after due to Plaintiff's race, national origin, color and in retaliation for his engagement in protected activity Defendant terminated his employment.

38. Plaintiff has been harmed by Defendant's illegal conduct.

### Count I: Race Based Discrimination in Violation of Title VII

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

40. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, Plaintiff is Black/West Indian.

41. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his race.

43. Defendant intentionally discriminated against Plaintiff on the basis of his race.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**Count II: National Origin Based Discrimination in Violation of Title VII**

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

47. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his national origin, Plaintiff is from Trinidad.

48. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his national origin.

50. Defendant intentionally discriminated against Plaintiff on the basis of his national origin.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of Title VII

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

54. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

55. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

56. Defendant's conduct violated Title VII.

57. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Race Based Discrimination in Violation of the FCRA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

61. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his race, Plaintiff is Black/West Indian.

62. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Defendant violated the FCRA by discharging and discriminating against Plaintiff based on his race.

64. Defendant intentionally discriminated against Plaintiff on the basis of his race.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count V: National Origin Based Discrimination in Violation of the FCRA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

68. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his national origin, Plaintiff is from Trinidad.

69. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

70. Defendant violated the FCRA by discharging and discriminating against Plaintiff based on his national origin.

71. Defendant intentionally discriminated against Plaintiff on the basis of his national origin.

72. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

73. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling hi, to an award of exemplary and/or punitive damages.

## Count VI: Retaliation in Violation of the FCRA

74. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

75. Plaintiff engaged in protected activity under the FCRA while when he raised his concerns to Defendant.

76. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

77. Defendant's conduct violated the FCRA.

78. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

79. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

80. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Abby D. Salzer*
Abby D. Salzer
Florida Bar No.: 591475
Spielberger Law Group
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 104
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com

*Counsel for Plaintiff*